PeaRSON, J.
 

 Unless there was a case properly constituted before the County Court, its judgment was a nullity; and the rale of law announced by his Honor had no application. So, the only question is, was the case properly constituted before the County Court
 
 1
 
 The levy imder the executions issued on the 6th of May was waived by the executions issued the 9th of August. These latter executions were not levied. 'What the officer means by saying,
 
 “
 
 he adopted the levies already endorsed on the judgments and executions as his, under the last named executions,” is not intelligible. He did not endorse the levies on the executions, and did not reduce them to writing; so, whatever was his
 
 mental
 
 operation, which he supposes amounted to an adoption of levies, rvhich had been endorsed on executions that had spent their force, and been waived by taking out later executions, there certainly was no levy within the rule established by
 
 Dickson
 
 v.
 
 Peppers,
 
 7 Ire. 429. Consequently the County Court had nothing to act on — there was no case before it — and it had no power to render a judgment and grant an order of sale. So, the principle
 
 “
 
 that this Court cannot go behind a judgment of a competent tribunal until it. is reversed,” has no application; for there was no judgment, and the proceeding of the County Court was void and of no effect.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.